UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-443-GSL-AZ |
| GRACZYK, et al., | |
| Defendants. | |

## OPINION AND ORDER

Alex L. Hale, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hale alleges that, on February 25, 2024, Officer Graczyk and Officer Arnette called him a drug addict and then passed him a tray of food that contained rat poison. He became ill after eating the food, and he is suing the officers for poisoning him in violation of the Eighth Amendment and in retaliation for bringing a lawsuit against another officer. He seeks monetary damages.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). This includes conduct that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Deliberately poisoning an inmate's food is without penological justification. Hale's allegations may be rooted in paranoia, and this raises a concern about their validity. *See Edwards v. Thurmer*, No. 08-CV-388-BBC, 2008 WL 4401363, at *4 (W.D. Wis. Sept. 24, 2008). Nonetheless, Hale will be permitted to proceed on these claims.

Hale alleges that the motive for poisoning his food was retaliation for filing a lawsuit against a colleague of the defendants. "To prevail on his First Amendment retaliation claim, [Hale] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Hale's complaint does not contain factual allegations that would permit a reasonable inference that the defendants were motivated to poison his food because of a lawsuit he filed against another officer. Furthermore, it is unnecessary to add a First Amendment retaliation claim here because the underlying alleged retaliatory act states an Eighth Amendment claim. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more

2

applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection").

Hale's complaint does not seek injunctive relief. However, he filed a motion (ECF 9) asking to be transferred to another prison because he fears he will be poisoned again by the defendants. Hale is being granted leave to proceed on a claim that the defendants violated the Eighth Amendment on February 25, 2024. He is not being granted leave to proceed on a claim for injunctive relief, and his request falls outside the scope of this claim. Furthermore, the mere possibility of future harm is far too speculative to warrant a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). "[P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion. Therefore, the motion seeking an order that Hale be transferred to another prison will be denied.

Finally, Hale filed a motion asking to dismiss this case. ECF 6. He then filed a motion indicating he changed his mind, which this court construes as a motion to withdraw his earlier motion to dismiss. ECF 8.  The motion to withdraw (ECF 8) will be granted, and the motion to dismiss (ECF 6) will be withdrawn.

For these reasons, the court:

(1) DENIES Alex L. Hale's motion seeking a transfer (ECF 9);

(2) GRANTS Alex L. Hale's motion to withdraw his motion to dismiss (ECF 8);

(3) DIRECTS the clerk to withdraw Alex L. Hale's motion to dismiss (ECF 6);

(4) GRANTS Alex L. Hale leave to proceed against Officer Graczyk and Officer Arnette in their individual capacities for compensatory and punitive damages for allegedly poisoning his food on February 25, 2024, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Graczyk and Officer Arnette at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Graczyk and Officer Arnette to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R.

10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on July 31, 2024

                                            /s/Gretchen S. Lund
                                            JUDGE
                                            UNITED STATES DISTRICT COURT